**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RONNIE CALVAIN HOLSEY,

      Plaintiff,

vs.                                                                    CASE NO. 3:11-cv-941-J-TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

_____

## O R D E R

This case is before the Court on Plaintiff's Consent Petition for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Doc. #23), filed on June 24, 2013. Plaintiff seeks an award of attorney fees pursuant to the EAJA in the amount of $3,747.59. No response to the instant motion has been filed and the time for doing so has expired. Thus, this matter is ripe for the Court's consideration.

Counsel for Plaintiff indicates a total of 20.50 hours were expended in the representation of Plaintiff before the Court.  Plaintiff requests an hourly rate of $180.59 for services performed in 2011, $182.91 for services performed in 2012, and $184.32 for services performed in 2013.  Plaintiff is seeking a higher hourly fee than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney fee rate was last adjusted by Congress.  *See* 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased).  Having examined the Consumer Price Index, the Court concludes the

increases in inflation justify a proportionate increase in attorney fee rates.[1] Accordingly, the Court finds the rates requested by Plaintiff should be allowed.

Therefore, it is hereby **ORDERED:**

1.      Plaintiff's Consent Petition for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Doc. #23) is **GRANTED**.

2.      The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,747.59 for EAJA attorney fees taxed under 24 U.S.C. § 2412(d).

3.       The Court leaves it to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel after a determination that Plaintiff does not owe a federal debt.  *See  Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29 (2010) (establishing that any award of attorney fees under the EAJA is subject to offset by the government of any debt owed by the plaintiff to the United States)*.*

**DONE  AND  ORDERED** at Jacksonville, Florida this 12th    day of July, 2013.


Copies to all counsel of record

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

---

[1] The Court arrived at its conclusions, however, after visiting the following website: www.minneapolisfed.org (last visited July 11, 2013).

The Court refers to this public website for informational purposes only.  The Court accepts no responsibility for and does not endorse any content found at this website. Furthermore, the Court's opinion is not affected should this website cease to be available in the future.